**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WALTER McLAURIN, et al.,

       Plaintiffs,                         CASE NO. 06-CV-15094

-vs-                                       PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

TITLE GIANT, et al.,

       Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiffs' Motion for a Default Judgment. (Doc. No. 5). A hearing was held on June 17, 2007.

This action arises from Plaintiffs refinancing their Bloomfield Hills home mortgage through Defendants. As part of the refinancing of the mortgage, Plaintiffs included unpaid debts to credit cards and medical bills. However, Plaintiffs allege Defendant never released the funds to pay off those debts. On November 14, 2007, Plaintiffs filed an 19 count Complaint against Defendants.[1]

---

[1] The 19 count Complaint alleges the following:
I.     Breach of Contract
II.    Promissory Estoppel
III.   Unjust Enrichment
IV.   Conversion
V.     Statutory Conversion
VI.   Constructive Trust
VII.  Fraud and Misrepresentation
VIII. Respondeat Superior
IX.   Respondeat Superior based on Negligent Hiring
X.     Violation of Fair Credit Reporting Act
XI.   Failure to Disclose
XII.  Failure to Timely Disclose

Defendants were served on January 3 and March 7, 2007, and both have failed to appear.[2] Plaintiffs subsequently filed a Motion for Entry of Default and Default Judgment. (Doc. No. 5). On May 16, 2007, the Clerk entered a default against Defendants. (Doc. No. 7).

A hearing on the Motion for Default Judgment was held on June 17, 2007. Although Plaintiffs assert in their supplemental brief that the Court entered a Default Judgment at the conclusion of the hearing, the Motion was taken under advisement pending supplemental briefing regarding damages. On December 5, 2007, the Court issued an order to show cause as to why the action should not be dismissed for failure to prosecute. (Doc. No. 11). On December 19, 2007, approximately six months after the hearing, Plaintiffs supplied the Court with the requested supplemental briefing on damages. (Doc. No. 12). Plaintiffs originally requested damages in the amount of §19,407.66. (Plfs. Supp. Mot. at 2). However, Plaintiffs now seek through their supplemental briefing a default judgment in the amount of $395,881.00. (*Id.*).

Federal Rule of Civil Procedure 55(b) regulates the entry of default judgments. Pursuant to Rule 55(b)(2), when the amount is not for a sum certain, default judgment may be entered as follows:

> (2) By the Court. In all other cases the party entitle to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered

---

XIII. Amount of Credit Financed
XIV. Equal Credit Opportunity Act
XV. Truth in Lending Act
XVI. Real Estate Settlement Procedures Act, 12 U.S.C. § 2607
XVII. Real Estate Settlement Procedures Act, continuing violation
XVIII. Violation of Fair Housing Act
XIV. Violation of the Elliot-Larsen Civil Rights Act

[2] The Court recognizes the service of process filed contains a typographical error, indicating service of process was achieved on January 3, 2006. (Doc. No. 3).

> against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative, who has appeared therein . . . .

Although Rule 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, the case law sets forth that the court must exercise "sound judicial discretion" when determining whether to enter the judgment. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2685 (3rd 3d. 1998) (collecting cases). After a court determines that a default judgment should be entered, it will determine the amount and character of the recovery awarded. *See id.* § 2688 (collecting cases).

Plaintiffs submit that they are entitled to the following amounts:

1. 12,974.00 for increased interest rates;
2. 19,407.00 for converted money retained by Defendants;
3. 5,000.00 in attorney's fees;
4. 2,500.00 for violation of the Truth in Lending Act ("TILA")
5. 5,000.00 in additional attorney's fees to collect judgment;
6. 1,000.00 for violation of Real Estate Procedures Act ("RESPA");
7. 50,000.00 for emotional distress under RESPA;
8. 150,000.00 in punitive damages;
9. 150,000.00 in exemplary damages and damages to credit report; and
10. 4,325.00 for unjust enrichment and retained interest of converted money[3]

This results in a total requested default judgment of $395,881.00.

The Court finds Plaintiffs' request for $32,381.46 in damages on the basis of breach of contract is appropriate. This requested sum includes the amount of money which Defendants failed to disburse and also the additional costs incurred by Plaintiffs for securing a new loan at a higher interest rate. (Plf. Supp. Br. at 2-3). The Court also finds cause to award Plaintiff the requested

---

[3] Although Plaintiffs include this amount in their final list of requested damages, Plaintiffs did not request this amount in their brief nor provide any support for the request. Further, Plaintiffs total requested damage amount of $395,881.00 does not reflect the additional amount. Therefore, the Court shall treat the inclusion of this amount as a typographical error.

$7,500.00 for TILA violations, attorney fees and costs. *See* 15 U.S.C. § 1640(a). The Court further finds $5,000.00 in additional attorney's fees for debt collection reasonable.

Plaintiffs' exact damage request pursuant to RESPA is unclear from the briefing. Plaintiffs initially request a sum of $2,000.00, then appear to argue they are entitled to $19,607.00 in "actual damages" and $1,000.00 in additional costs. However, Plaintiffs fail to request the sum of $19,607.00 in their final calculation of damages. Further, the Court finds Plaintiffs actual damage request unsupported by the law or by the record. RESPA was enacted to protect consumers from high settlement charges caused by abusive practices. 12 U.S.C. § 2601. Congress intended to remedy this problem by requiring certain disclosures and information be timely made to consumers. *Id*. Plaintiffs have failed to show how the Defendants' violations under RESPA, namely failure to itemize or disclose certain, information gives rise to damages in the amount of $19,607.00. Therefore, this request is denied.

To the extent Plaintiffs contend RESPA's actual damages provision includes recovery for emotional distress, the Court finds no persuasive court or statutory authority supporting this argument and therefore denies Plaintiffs' request for $50,000.00. Plaintiffs also seek $1,000.00 in additional costs and fees pursuant to RESPA. 12 U.S.C. § 2605(f). To be entitled to the additional damages amount of $1,000.00 pursuant to RESPA, Plaintiffs must to show that Defendants engaged in a "pattern or practice of noncompliance." 12 U.S.C. § 2605(f)(1)(b). In the instant case, Plaintiffs have failed to establish this.

Plaintiffs ask for a total of $300,000.00 in punitive and exemplary damages. After review, the Court finds Plaintiffs' request is grossly excessive and unmerited under the circumstances.

Therefore the Court holds Plaintiffs are entitled to a default judgment for the following amounts:

1. 12,974.00 for increased interest rates;
2. 19,407.00 for converted money retained by Defendants;
3. 5,000.00 in attorney's fees;
4. 2,500.00 for violation of TILA
5. 5,000.00 in additional attorney's fees to collect judgment.

For these reasons the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for Default Judgment. The Court further awards Plaintiffs damages in the amount of $44,881.00.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 11, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 11, 2008.

s/Denise Goodine
Case Manager